**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL SPECIALTY INSURANCE COMPANY, GEMINI INSURANCE COMPANY, JWB LOGISTICS CORP., TMD LOGISTICS CORP., and T.B. CHOYA EXPRESS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TUNKHANNOCK AUTO MART, INC., <br><br> Defendant, Third-Party Plaintiff, <br><br> v. <br><br> JESSE L. PREBOLA, THOMAS W. PUNKO, et al., <br><br> Third-Party Defendants. | CIVIL ACTION NO. 3:16-CV-00268 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before this Court is a Motion to Dismiss Defendant Tunkhannock Auto Mart, Inc.'s ("TAM") Third-Party Complaint (Doc. 41) filed by Third-Party Defendant Thomas W. Punko ("Punko"). Because TAM is not owed contribution or indemnification at this time, Punko's Motion to Dismiss will be granted.

## **I. Background**

TAM seeks contribution or indemnification for any claim raised by Plaintiffs National Specialty Insurance Company, Gemini Insurance Company, JWB Logistics Corporation, TMD Logistics Corporation, and T.B. Choya Express, Inc. (collectively "Plaintiffs") related to a car accident that occurred on October 27, 2010.

On October 27, 2010, Punko was driving a tractor trailer and was making a delivery to TAM. Pursuant to his delivery instructions, Punko was required to pull into TAM's parking

lot, turn around in the rear of the building, and pull out of the parking lot in a forward facing position. But, at the time of delivery, Punko was unable to pull into TAM's lot because there was no room for his trailer. The lot was filled with cars, orange cones, and concrete barriers that Punko could not avoid. As such, Punko was forced to back his tractor trailer into the lot in order to make the delivery. While backing the trailer into the lot, Punko blocked the center lane of State Route 29. Unfortunately, a car traveling northbound on Route 29 struck the trailer and was seriously injured.

Ultimately, the driver of the car that struck Punko's trailer filed a tort action against various defendants, including Punko and TAM. The action settled on April 16, 2013 for $6,900,000 and was paid for in its entirety by Plaintiffs. On February 2, 2016, Plaintiffs filed a complaint against TAM seeking contribution for TAM's share of the $6,900,000 settlement.

Following TAM's failure to have Plaintiff's contribution action dismissed (Doc. 23), TAM filed a Third-Party Complaint (Doc. 37) against all parties in the original tort action that had not contributed to the settlement. TAM claims that the Third-Party Defendants must be joined in Plaintiffs' suit because they are joint tortfeasors and thus must contribute to the settlement. On June 12, 2017, Third-Party Defendant Punko filed a motion to dismiss the Third-Party Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion has been fully briefed and is ripe for review.

## II. Legal Standard

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain

statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

**A. Failure to State a Claim**

    (1)    <u>Contribution</u>

Punko seeks dismissal of the Third-Party Complaint filed by Defendant TAM. Punko argues that dismissal is warranted because TAM has not satisfied the mandates of the Pennsylvania Uniform Contribution Among Tortfeasors Act ("UCATA"), which would allow it to seek contribution. Additionally, Punko notes that the action brought by Plaintiffs seeks to determine the share of liability attributable to TAM, and TAM alone. In other words, if TAM is ultimately found liable for a portion of the Settlement funded by Plaintiffs, TAM will

be responsible solely for its share and not the share of any Third-Party Defendant. Conversely, TAM contends that the "third-party defendants must be joined in order to contribute their fair share" and to ensure that TAM is not "responsible for more than its fair share." (Doc. 42, at 8.)

Under Pennsylvania law, contribution is only available to a (1) joint tortfeasor who is (2) entitled to recovery under the UCATA. See 42 Pa. C. S. §8324; *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 493 (W.D. Pa. 2016). Therefore, in order to make a contribution claim, the contribution-seeking party must first establish that it and the defendant are joint tortfeasors. *U.S. Small Bus. Admin. v. Progress Bank*, No. 03-3461, 2004 WL 2980412, at *10 (E.D. Pa. Dec. 22, 2004). Specifically, the Act defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. C. S. §8322. Here, there is no question that TAM has properly pled that the Third-Party Defendants are joint tortfeasors covered by the UCATA.

Even though TAM has properly pled that the Third-Party Defendants are joint tortfeasors, TAM is not entitled to recovery at this time. The UCATA clearly provides that "a joint tort-feasor is not entitled to a money judgment for contribution until he has, by payment, discharged the common liability or has paid more than his pro rata share thereof." 42 Pa. C. S. §8324(b); *see also Swartz v. Sunderland*, 403 Pa. 222, 224 (1961); *Oviatt v. Automated Entrance System Co.*, 400 Pa. Super. 493, 497 (1990). But, the Pennsylvania Superior Court has explained that a party may assert its right to contribution "during the *original proceeding* via joinder of a third-party defendant."[1] *Mattia v. Sears, Roebuck & Co.*,

---

[1] The Superior Court has also opined that the right to contribution may be invoked in a "separate action brought by a tortfeasor who has previously been held liable to the original plaintiff." *Mattia*, 531 A.2d at 791 (citing *Nat'l Liberty Life Ins. Co. v. Kling P'ships*, 350 Pa. Super. 524, 535

4

531 A.2d 789, 791 (Pa. Super. 1987) (emphasis added), *app. denied*, 519 Pa. 660 (1988). This implies that a party may seek contribution before making a payment either discharging common liability or in excess of the party's pro rata share. However, it is important to note that courts have only embraced the use of joinder to pursue contribution in the "original action." *See, e.g.*, *Id.*; *United States v. Sunoco, Inc.*, 501 F. Supp. 2d 641, 645 (E.D. Pa. 2007) ("An action for contribution under UCATA can be initiated in the underlying tort suit or as a separate action between joint tortfeasors."). The "original action" refers to the underlying tort action as opposed to any subsequent action for contribution. *See Sunoco*, 501 F. Supp. 2d at 645. Remember, a "claim for contribution is separate and distinct from the underlying tort."[2] *Svetz v. Land Tool Co.*, 355 Pa. Super. 230, 238 (1986). For this reason, a third-party may be joined under a theory of contribution in the original tort action, but a joint tortfeasor as defendant in a subsequent contribution action may not join a third-party defendant for contribution. Such an action will not be sustained because the defendant tortfeasor neither (1) discharged a common liability or paid more than his pro rata share nor (2) pursued contribution in the original action.

Put simply, TAM has made no payment to resolve the common liability resulting from the October 27, 2010 car accident and is not seeking to join a third-party defendant under a theory of contribution in the original tort action. It follows that TAM is not able to assert a claim at this time under the UCATA, and as a result, TAM's Third-Party Complaint will be dismissed.

---

(1986)).

[2] Unlike tort recovery in the original action, "a tortfeasor's right to receive contribution from a joint tortfeasor derives not from his liability to the claimant, but rather from the equitable principle that once the joint liability of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other." " *Svetz*, 355 Pa. Super. at 238.

TAM also claims that dismissing this action would result in its payment of liability owed to Plaintiffs by other joint tortfeasors. This is not the case. The goal of a contribution action is to determine the Defendant's pro rata share of liability, not the liability owed by all non-plaintiff tortfeasors. *See Stang v. Smith*, Pa. D. & C.5th 428, 439 n.7 (Pa. C.C.P. 2014) ("[T]he UCATA is designed with the equitable goal that a joint tortfeasor pay *only his fair share* of the plaintiff's injuries for which he is responsible." (emphasis added))*; Puller v. Puller*, 110 A.2d 175, 177 (Pa. 1955) ("[A]s between the two tort-feasors [] contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done"). However, even if TAM believed it paid for a greater share of liability than was necessary, TAM would be free to pursue its own contribution action at the conclusion of the instant litigation. *See Sunoco*, 501 F. Supp. 2d at 645; *Svetz*, 355 Pa. Super. at 238. Moreover, any attempt by TAM to parallel its action against the Third-Party Defendants with the action undertaken by Plaintiffs is inappropriate. Plaintiffs base their contribution claim against TAM on the fact that they paid the entirety of a $6,900,000 settlement that extinguished common liability Plaintiffs shared with TAM. Since Plaintiffs sufficiently pled that TAM was a joint tortfeasor and that they paid more than their pro rata share to settle the case, Plaintiffs were permitted to proceed with their contribution action against TAM. Unlike Plaintiffs in the original action, TAM has yet to make a payment that was greater than its pro rata share of a settlement extinguishing common liability.

Therefore, any claim for contribution raised by TAM at this time does not meet the standard for recovery set forth in the UCATA.

(2) <u>Indemnification</u>

In addition to TAM's claim for contribution, it also seeks indemnification for damages assessed as a result of the contribution action raised by Plaintiffs.

Indemnification "is a common law equitable remedy that shifts the entire

6

responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault." *E. Elec. Corp. v. Rumsey Elec. Co.*, No. 08-5478, 2010 WL 1444584, at *2 (E.D. Pa. Apr. 9, 2010) (citing *City of Wilkes-Barre v. Kaminsji Bros., Inc.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002)). "Under Pennsylvania law, indemnity is available only in the following circumstances: (1) where primary versus secondary or vicarious liability is present or (2) where there is an express contract to indemnify." *Nat'l R.R. Passenger Corp. v. URS Corp.*, 528 F. Supp. 2d 525, 532 (E.D. Pa. 2007) (internal citation omitted). In other words, "[i]n the absence of a contract for indemnity, the party seeking indemnity must establish it is liable to the injured party, but its liability is secondary, or passive, compared to the primary liability of the party from whom it seeks indemnity." *Ruggieri v. Quaglia*, No. 07-cv-756, 2008 WL 5412058, at *9 (E.D. Pa. Dec. 24, 2008) (citing *Ultramed, Inc. v. Beiersdorf-Jobst, Inc.*, 98 F. Supp. 2d 609, 611-12 (M.D. Pa 1998); *Daily Express, Inc. v. Neck Transfer Corp.*, 490 F. Supp. 1304, 1307 (M.D. Pa. 1980)). Secondary liability exists when there is a special relationship among the parties. *See Amtrak v. URS Corp.*, 528 F. Supp. 2d 525, 532 (E.D. Pa. 2007); *Builders Supply Co. v. McCabe*, 77 A.2d 368, 370 (Pa. Super. Ct. 1951). Such a relationship includes the employee-employer relationship and principal-agent relationship. *See Id.* On the other hand, vicarious liability exists when an employer is liable for the "acts of their agents or employees in the scope of their authority or employment." *Burlington Indus. v. Ellerth,* 524 U.S. 742, 756 (1998).

Because TAM has not alleged that any Third-Party Defendant owed it a contractual duty to indemnify, TAM is left to contend that its liability is secondary or vicarious to that of the Third-Party Defendants. TAM, however, has also failed to allege that any Third-Party Defendant was in such a relationship with TAM as to require indemnification. For example, TAM does not suggest that Punko was its employee or agent. Rather, TAM claims that

Punko was the agent of Third-Party Defendants: River Street Idealease, LLC; Trucks on the Run, Inc.; MFCLogistics, Inc.; Chopper Express; Chopper 79, LLC; Chopper Express Transportation, Inc.; and Chopper DDS, Inc..(Third-Party Compl. ¶19.) Because TAM has alleged neither a contractual duty nor a special relationship which supports indemnification, the claim will be dismissed.

### (3) Rule 14(a)

Additionally, the Third-Party Complaint runs afoul of Federal Rule of Civil Procedure 14(a). Under this rule, a "third-party complaint may be maintained only in cases in which the third-party defendant would be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137, 139 (W.D. Pa. 1964). In other words, a third-party complaint may not be sustained if it simply avers that a third-party defendant "is or may be liable to the plaintiff." *Ross v. Erie R.R. Co.*, 18 F.R.D. 9, 10 (M.D. Pa. 1955); *see also* 6 Fed. Prac. & Proc. §1453 (3 ed. April 2017).

TAM's complaint states "[TAM] respectfully requests judgment in its favor and against Third-Party Defendants . . . for individual, sole, joint or several liability to *Plaintiffs*, and/or indemnity and contribution." (Third-Party Compl., at 6 ¶ 26 (emphasis added).) While it is true that indemnity and contribution are pled–and thus TAM does not only aver the Third-Party Defendants are liable to Plaintiffs–both indemnification and contribution are unavailable to TAM in this action. Thus, at bottom, TAM's complaint simply attempts to have the named third-party defendants stand in its shoes and face any and all liability sustained in the contribution action brought against TAM by Plaintiffs. As noted, this is impermissible under Rule 14. Therefore, the Third-Party Complaint could be dismissed on this alternative basis.

**B. Joinder of Indispensable Parties Under Rule 19(a)**

TAM argues that the Third-Party Defendants are indispensable parties because they "must be joined in order to contribute their fair share as well as not leave [TAM] potentially responsible for more than its fair share as the lone Defendant." (Doc. 42, at 8.) Additionally, TAM claims that Third-Party Defendant Punko is an indispensable party because he "was the major cause of the accident as the driver of one of the involved vehicles. . . ." (*Id.*) Contrary to TAM's assertion, the Third-Party Defendants named in TAM's Third-Party Complaint are not parties required to be joined in this action under Federal Rule of Civil Procedure 19(a).

The Third Circuit has made clear that "a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability." *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 315 (3d Cir. 2007). Here, TAM seeks to join Third-Party Defendants for contribution to a settlement under which all parties face like liability. The Third-Party Defendants liability is not unique, but rather the "usual joint-and-several" liability that follows joint tortfeasors. As such, the Third-Party Defendants are not indispensable parties, but rather permissive parties. Further, a potential claim of contribution does not render the alleged contributing party an indispensable party under Rule 19(a). *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993) ("[A] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19. (citing *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 10 54)); *see also Pasco Int'l Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980) ("Potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible. . . ."). So, the potential of a future contribution action brought by TAM against the Third-Party Defendants would not render those Defendants

9

indispensable parties in the current action.

For these reasons, any suggestion that the Third-Party Defendants must be joined under Rule 19(a) is incorrect.

### III. Conclusion

For the above stated reasons, Third-Party Defendant Punko's Motion to Dismiss will be granted, and TAM's Third-Party Complaint will be dismissed without prejudice. Notably, TAM is free to pursue a separate action for contribution against the Third-Party Defendants if a judgment is entered against its interest in the instant action.

An appropriate order follows.


 December 15, 2017                                         /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                           United States District Judge