# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL SPECIALTY INSURANCE COMPANY, GEMINI INSURANCE COMPANY, JWB LOGISTICS CORP., TMD LOGISTICS CORP., and T.B. CHOYA EXPRESS, INC., | CIVIL ACTION NO. 3:16-CV-00268 (JUDGE CAPUTO) |
| Plaintiffs, | |
| v. | |
| TUNKHANNOCK AUTO MART, INC., | |
| Defendant. | |

## **MEMORANDUM**

Presently before this Court is a Motion for Summary Judgment filed by Defendant Tunkhannock Auto Mart, Inc. ("TAM"). (*Doc*. 52). While Plaintiffs' contribution claim does not rise and fall on the liability assessment of Jesse Prebola, the original plaintiff, TAM is not a joint tortfeasor liable for contribution because TAM did not owe a duty of care to drivers on State Route 29. For this reason, TAM's Motion for Summary Judgment will be granted.

## I. Background

### A.    The Accident

On October 27, 2010, Thomas W. Punko ("Punko"), a non-party, was driving a tractor trailer on State Route 29 in Eaton Township, Pennsylvania. *(Defendant's Statement of Material Facts* ("*DSMF*"), at ¶¶ 1,3.) Punko was making a delivery to Defendant TAM on behalf of Plaintiffs JWB Logistics Corp. and TMD Logistics Corp. (*DSMF*, at ¶ 5.) Pursuant to delivery instructions provided to Punko by TAM, Punko was to "pull into the Tunkhannock lot [tractor first], turn around in the rear of the building, and pull out of the parking lot in a forward facing position after making [the] delivery." (*DSMF*, at ¶ 9; *Plaintiffs' Statement of*

*Material Facts* ("*PSMF*"), at ¶ 9.) As he had on prior occasions, Punko ignored these instructions. Instead, Punko decided to back into the lot. (*DSMF*, at ¶ 13.) To do so, Punko positioned the tractor in the center turning lane of State Route 29 facing south and positioned the trailer across the northbound travel lane facing the lot entrance. (*DSMF*, at ¶¶ 17-18.) In other words, to back up into TAM's parking lot Punko was required to block the entire northbound lane of State Route 29. (*Id.*)

Punko noticed headlights approaching his position as he began to back the trailer into the parking lot. (*DSMF*, at ¶ 19.) Assuming the driver of the car would notice the stopped truck, Punko stopped moving. (*DSMF*, at ¶ 20.) Unfortunately, the car did not stop and the driver, Jesse Prebola, was seriously injured. Notably, the collision occurred entirely on the northbound travel lane of State Route 29. (*DSMF*, at ¶ 22.)

As a result of this collision, Deborah Prebola, as guardian of Jesse Prebola, filed a civil suit in Luzerne County ("Prebola Action") against a number of entities including the instant parties.

**B.     Settlement**

On April 16, 2013, the parties in the Prebola Action participated in a mediation which led to the full and final settlement of Prebola's claims. (*DSMF*, at ¶ 31.) At the mediation, Plaintiffs National Specialty Insurance Company and Gemini Insurance Company, on behalf of their insureds–JWB, TMD, and TB Choya–paid the entire settlement amount accepted by Prebola. (*PSMF*, ¶ 34, Ex. I.) TAM did not contribute to the settlement amount. (*Id.*) In part, this was because Prebola did not believe that it had a viable claim against Tunkhannock: "there does not appear to be any evidence that the employees of Tunkhannock Auto Mart contributed in any way to the happening of this collision." (*DSMF*, at ¶ 32.) Notably, no settlement demand was ever made against TAM. (*DSMF*, at ¶ 33.)

On May 17, 2013, Prebola signed a Settlement and Release Agreement under which

Prebola received a settlement payment of $6,900,000.00 in exchange for releasing all claims against all parties arising out of the accident. (*PSMF*, at ¶ 34, Ex. I.) While Prebola signed a general release, it is important to note that Tunkhannock never requested inclusion on any release. (*DSMF*, at ¶ 35.) At this time, Prebola repeated that Tunkhannock was "not contributing toward settlement" because there was "not a reasonable claim against Tunkhannock" as "they had given proper instructions to all of the drivers as to how they should access the premises, and those instructions were, in fact, ignored." (*DSMF*, at ¶ 36.)

On June 7, 2013, Prebola executed an Addendum to the Settlement and Release Agreement. The Addendum states in part: "At the time of the Mediation it was fully contemplated by all parties and counsel in attendance that, while the claims of Plaintiffs were being settled, the rights of the settling Defendants as against the non-settling Defendant [TAM] for contribution and or indemnification were being preserved." (*PSMF*, at ¶ 34, Ex. J.)

**C.    Procedural History**

On February 16, 2016 Plaintiffs filed a Complaint against TAM for contribution to the settlement detailed above. (*Doc.* 1.) Plaintiffs filed an Amended Complaint on March 3, 2017. (*Doc.* 24.) TAM moved to dismiss the Amended Complaint, but that Motion was denied. (*Doc.* 34.)

Following TAM's failure to have this action dismissed, it filed a Third-Party Complaint against all other non-contributing defendants in the Prebola Action. (*Doc.* 37.) This Complaint was dismissed. (*Doc.* 49.)

TAM has filed a Motion for Summary Judgment. (Doc. 52.) This Motion has been fully briefed and is now ripe for review.

3

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A court may grant a motion for summary judgment if, after it considers all probative materials of record, with inferences drawn in favor of the non-moving party, the court is satisfied that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 218 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000)). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law. A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter . . . ." *American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 587, 581 (3d Cir. 2009) (citing *Anderson*, 477 U.S. at 248-49.

The moving party bears the initial burden to identify "specific portions of the record that establish the absence of a genuine issue of material fact." *Santini*, 795 F.3d at 416 (citing *Celotex*, 477 U.S. at 323). If this burden is satisfied by the movant, the burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The non-movant's burden is not satisfied by "simply show[ing] that there is some metaphysical doubt as to the material facts." *Chavarriaga*, 806 F.3d at 218.

## III. Discussion
### A. Pennsylvania Uniform Contribution Among Tortfeasors Act:

Under Pennsylvania law, contribution is only available among joint tortfeasors. *EQT*

4

*Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 493 (W.D. Pa. 2016). The Pennsylvania Uniform Contribution Among Tortfeasors Act ("the Act"), 42 Pa. Cons. Stat. Ann. §§ 8321-8327, defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." *Id.* § 8322. Parties may be found jointly liable for an injury "if their conduct 'causes a single harm which cannot be apportioned . . . even though [the actors] may have acted independently.'" *Mattia v. Sears, Roebuck & Co.*, 531 A.2d 789, 791 (Pa. Super. Ct. 1987) (quoting *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. Super. Ct. 1984)). "In other words, a party can establish the joint tortfeasor relationship by showing either that both parties acted together to commit the wrong, or that the parties' independent acts caused a single injury." *U.S. Small Bus. Admin. v. Progress Bank*, No. Civ.A. 03-3461, 2004 WL 2980412, at *10 (E.D. Pa. Dec. 22, 2004). The burden is on the party seeking contribution to establish a joint tortfeasor relationship. *See id.*

In addition to demonstrating the existence of a joint tortfeasor relationship, a party seeking contribution must further demonstrate that it is entitled to seek contribution under the Act. When settlement occurs before the original plaintiff has proven his case at trial, a settling tortfeasor may seek contribution from a non-settling party if the settling tortfeasor: (1) demonstrates that he and the non-settling party are joint tortfeasors with respect to the original plaintiff, (2) has discharged the common liability or paid more than his pro rata share, and (3) has extinguished the liability of the non-settling joint tortfeasor to the original plaintiff by virtue of the settlement. *Swartz v. Sunderland*, 169 A.2d 289, 291 (Pa. 1961); *see* 42 Pa. Cons. Stat. Ann. § 8324; *see also Progress Bank*, 2004 WL 2980412, at *10-*11; *Nationwide Mut. Ins. Co. v. Phila. Elec. Co.*, 443 F. Supp. 1140, 1143 (E.D. Pa. 1977); *Mattia*, 531 A.2d at 791 (explaining that when a party seeks contribution in a separate action against a purported joint tortfeasor, it "must stand in the shoes of th[e]

5

original plaintiff and prove that the new defendant was a joint tortfeasor in that his tortious conduct also caused the harm at issue"). Furthermore, the settling tortfeasor must prove that the settlement figure was reasonable. *Nationwide Mut. Ins. Co.*, 443 F. Supp. at 1143.

"A joint tortfeasor's right to contribution is distinct from the original action." *Pa. Nat'l Mut. Cas. Ins. Co. v. Nicholson Constr. Co.*, 542 A.2d 123, 126 (Pa. Super. Ct. 1988). "The right of contribution is an equitable principle based on the understanding that 'as between the two tort-feasors [ ] contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done.'" *Progress Bank*, 2004 WL 2980412, at *10 (quoting *Puller v. Puller*, 110 A.2d 175, 177 (Pa. 1955)); *see also In Re Reading Co.*, 404 F. Supp. 1249, 1251 (E.D. Pa. 1975) (noting it is "well-settled that in Pennsylvania recovery under the Uniform Contribution [Among Tortfeasors] Act is a recovery in assumpsit or contract rather than in tort"). At bottom, the Act recognizes that "[s]o long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable . . . to deny that party's right to contribution from a second tortfeasor who also contributed to the plaintiff's injury." *Svetz v. Land Tool Co.*, 513 A.2d 403, 407 (Pa. Super. Ct. 1986).

**B.    Plaintiffs' Claims Were Not Abandoned:**

TAM argues that its Motion for Summary Judgment should be granted because Plaintiffs have failed to satisfy the third requirement under the Act; the settlement did not extinguish a joint liability. To that end, TAM contends that the April 2013 settlement did not extinguish any liability relative to it because "the Prebolas had abandoned any claims against [it.]" (*Doc*. 53, at 10.) While the statements[1] made by Prebola  do suggest he

---

[1]    For example, prior to the start of mediation, Prebola's counsel remarked: "based on the testimony of Mr. Punko we felt compelled to join [TAM] as a defendant in this matter, but based on the subsequent discovery and deposition testimony, we must candidly admit that there does not appear to be any evidence that the employees of Tunkhannock Auto Mart contributed in any way to the happening of this collision." Further, counsel

6

abandoned his claim against TAM, that alone does not preclude the instant Plaintiffs from seeking contribution from TAM.

TAM's argument is without merit because the instant Plaintiffs' right to contribution does not rise and fall on the original plaintiff's liability assessment. Instead, following a settlement with a general waiver, contributing defendants have a right to be fully heard on the merits as they attempt to seek contribution from those parties who did not contribute to the settlement. To hold otherwise would prevent a settling party from ever seeking contribution from a joint tortfeasor not named in the original action. This outcome has been rejected by the Pennsylvania Supreme Court. *Swarts*, 403 Pa. at 226 ("[T]he Uniform Act intends that a case involving joint tortfeasors may be fully heard on the merits, without regard to the position of any of the parties as original defendants or otherwise."); *see also Castillo v. Roger Const. Co.*, 560 F.2d 1146, 1151 (3d Cir. 1977) (explaining that the Pennsylvania Supreme Court "specifically contemplated litigation in a contribution action over the non-settling tortfeasors liability to the victim.") Further, the non-settling defendant is not prejudiced in such litigation because "they [ ] still have their day in court with full opportunity to defend against liability and the reasonableness of the amount paid in settlement of the existing claim."

Therefore, Prebola's liability assessment will not bind the instant Plaintiffs. Accordingly, TAM's request for summary judgment on this issue will be denied.

### C. Defendant Is Not A Joint Tortfeasor

The Prebola Action, for which Plaintiffs now seek contribution, asserted a negligence claim. It is well settled that a negligence claim requires a plaintiff to show: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty of care; (3) defendant's

---

> explained that while TAM was named as a defendant in the action they were "not contributing towards the settlement . . ., because the Prebolas were satisfied that there was no reasonable claim against [TAM.]"

7

breach caused plaintiff's injury; and (4) the breach yielded cognizable damages. *See, e.g.*, R.W. *v. Manzek*, 585 Pa. 335, 346 (2005). In an action for contribution, the contribution-seeking defendant must stand in the shoes of the original plaintiff. *See Mattia*, 531 A.2d at 791. Stated differently, the instant Plaintiffs must show that TAM was liable to Prebola by establishing the common law elements of negligence. TAM argues that the Plaintiffs' contribution action must fail because TAM did not owe a duty of care to the injured party, Jesse Prebola. TAM reasons that it did not owe a duty of care to Prebola because it is undisputed that the accident occurred on a state-owned property.

The law in Pennsylvania is clear, "owners of property abutting state highways are not liable to pedestrians or motorists who are injured on the highway." *Newell v. Mont. West, Inc.*, 154 A.3d 819, 823 (Pa. Super. Ct. 2017). In *Allen v. Mellinger*, 156 Pa. Commw. 113 (Pa. Commw. Ct. 1993), a plaintiff was injured when her vehicle collided with a truck while it was attempting to make a left turn from a public highway into the parking lot of the defendant's store. The site where the plaintiff stopped to turn was a dangerous location where several accidents had previously occurred. 156 Pa. Commw. at 115. Nonetheless, the highway was marked with broken double yellow lines indicating that it was an appropriate place to turn. *Id.* The plaintiff alleged that the defendants breached their duty of care by failing to warn her of the dangerous condition of the road. *Id.* The court concluded that the defendants, "as abutting landowners, owed no duty to [the plaintiff], . . . to maintain a public highway in a safe condition." *Id.* at 117. The court also observed that it was the exclusive responsibility of the Commonwealth, not private landowners such as the defendants, to erect signs or paint lines indicating where it was safe to turn. *Id.* at 119 n.6.

The Restatement Second of Torts is similarly instructive. Specifically, § 349 of the Restatement states:

> A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the

> highway or persons lawfully using the way by his failure to exercise reasonable care:
>
> > (a) to maintain the highway or way in safe condition for their use, *or*
> >
> > (b) to warn them of dangerous conditions in the way, which although not created by him, are known to him and which they neither know nor are likely to discover.

To date, the Pennsylvania Supreme Court has not explicitly adopted this section of the Restatement, but a number of cases in Pennsylvania have cited this section with approval. For example, in *Fazio v. Fegley Oil Co.,* 714 A.2d 510 (Pa. Commw. Ct. 1998), the plaintiff was injured when she slipped and fell on ice in a public alleyway, which was adjacent to a store operated by the defendants. *Id.* at 511. The plaintiff alleged that the defendants were liable for her injuries because the contours of their land caused the unreasonable runoff of water into the alleyway. *Id.* The court disagreed and reaffirmed that under § 349 and *Allen*, landowners whose property abuts public ways owe no duty to travelers on those thoroughfares. *Id.* at 514. Further, in *Walinsky v. St. Nicholas Ukrainian Catholic Church*, 740 A.2d 318 (Pa. Commw. Ct. 1999), the Commonwealth Court again followed § 349. This time it held that a church could not be held liable for injuries sustained by a pedestrian when she slipped on ice while crossing a public street on her way to the church. *Id.* at 320. Federal courts within the Third Circuit and the Pennsylvania Superior Court have also positively cited *Allen* and § 349. *See, e.g.*, *Garlick v. Trans. Tech Logistics, Inc.*, 636 Fed. App'x 108, 114 n.13 (3d Cir. 2015); *Cruet v. Certain-Teed Corp.*, 432 Pa. Super. 554, 561-62 (Pa. Super Ct. 194); *Rosas v. O'Donoghue*, No. 3-5071, 2005 WL 1993846, at *3-4 (E.D. Pa. Aug. 17, 2005) (collecting cases interpreting § 349).

Here, it is undisputed that the accident occurred wholly on a state-owned highway and not on TAM's property. Thus, when viewed through the lens of *Allen* and § 349, one must conclude that TAM did not owe a duty to drivers on State Route 29. Therefore, the instant Plaintiffs, standing in the shoes of Jesse Prebola, cannot establish the requisite

elements of a negligence claim. For this reason, TAM is owed judgment in its favor.

## IV. Conclusion

For the above stated reasons, TAM's Motion for Summary Judgment will be granted and judgment will be entered in its favor and against the instant Plaintiffs.

An appropriate order follows.

 May 16, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge